

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 18, 1971

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M- 887

Re: County Auditor's responsibility
under a contract between the
commissioners court and the
United States government for
a Concentrated Employment
Project under the MDTA and
the EOA.

Your request for an opinion on the above subject matter asks the following questions:

"1. Does the County Auditor have the responsibility under State statutes to specify the accounting method to be used for these funds and have the responsibility to audit these funds?

"2. If the first question is answered in the affirmative, should the CEP funds be deposited with the County Treasurer?

"3. If the first question is answered in the affirmative, should the County Auditor follow the accounting methods and auditing procedures specified in the federal contract whenever they conflict with county accounting methods and auditing procedures?

"4. If the first question is answered in the affirmative, should the County Auditor follow the accounting methods and auditing procedures specified in the federal laws and regulations whenever they conflict with county accounting methods and auditing procedures?

-4321-

"5.  If the first question is answered in the affirmative, should the grant monies be placed in the County depository in conformance with applicable state statutes and the County's depository contracts or does the Commissioners Court have the option of depositing these funds in another bank?  If so, should that bank qualify in conformance with the County depository laws?

"6.  Various actions by the Harris County Commissioners Court have been taken in regard to the C.E.P. Grant program and these actions have been entered on the minutes of the Commissioners Court. If the first question is answered in the affirmative, should the County Auditor audit and approve a claim based upon an entry in the Commissioners Court's minutes concerning a requisition relating to the Concentrated Employment Program in question, inasmuch as there is some doubt as to whether these items are proper to be included in the minutes of the Harris County Commissioners Court?"

In Attorney General's Opinion M-605 (1970) it was held:

"Under the provisions of Paragraph 11 of Article 2351, V.C.S., the Commissioners Court may enter into a contract with the United States government to administer the Concentrated Employment Project under the Manpower Development and Training Act (MDTA) and the Economic Opportunity Act (EOA)."

In view of Attorney General's Opinion M-605 (1970), the commissioners court entered into a contract with the United States government to administer the Concentrated Employment Project under the Manpower Development and Training Act (MDTA) and the Economic Opportunity Act (EOA).

Pursuant to this contract the commissioners court has agreed to be responsible for the task set forth in the "statement

of work to be performed under this contract."   The commissioners court has agreed to "use accounting procedures which shall accurately allocate each expenditure incurred in the performance of this project."

The commissioners court has further agreed that it "will employ qualified accountants to keep the Fiscal records under this contract.  All Fiscal records will conform to the requirements specified in the Department of Labor MA - Manual Transmittal Sheet No. 65 - dated Sept., 1969

| "Title | 2500 Accounting |
| Chapter | 2510 Accounting for Redelegated Funding of MA Programs |
| Section | 2511 Contractors/Sponsor accrual cost reporting procedure"; |

and that it "will maintain records on, and properly document, all 'In-Kind' contributions to the cost of the contract."

Article 1651, Vernon's Civil Statutes, requires that the County Auditor shall have general oversight of all books and records of all officers of the county.  Article 1653, Vernon's Civil Statutes, provides that the County Auditor shall examine the books and accounts of any officer relating to the finances of the county, and Article 1656 provides that the County Auditor shall prescribe the forms to be used in the accounting of revenues and other funds and fees belonging to the county.

In answer to your first question you are advised that the County Auditor does not have the responsibility for specifying the accounting method to be used for funds disbursed pursuant to the contract in question, as such accounting methods are spelled out in the contract itself.

Answering your second question you are likewise advised that the CEP grant monies provided for in the contract are not to be deposited in the County Treasury, but are to be deposited in a special bank account specifically provided for in the contract documents.

In answer to your third question you are advised that the accounting procedures specified in the contract control the disbursement of federal monies specified in the contract.

In view of our affirmative answer to the first question, we answer your fourth question by stating that the auditing procedures specified in the contract control over any county accounting methods and auditing procedures.

It also follows, in answer to your fifth question, that the provisions of Paragraph (c) of Section 23 of the general provisions for cost reimbursement do not require the special bank account to be a county depository.

In reply to your sixth question, we have concluded that the County Auditor is not required to audit and approve claims relating to the employment program provided for in the contract in accordance with its terms.

Summarizing our answers to your questions, we express the opinion that the commissioners court, in entering the contract with the federal government, becomes a sponsoring agent for the United States government in carrying out the Concentrated Employment Project under the Manpower Development and Training Act and the Economic Opportunity Act; and consequently, such CEP funds do not become county funds subject to the various statutory provisions relating to the handling of county monies. Such funds are not deposited as state or county funds but are dealt with as trust funds pursuant to the federal contract. See Attorney General's Opinion No. C-530 (1965).

## S U M M A R Y

Under the provisions of a contract between the commissioners court and the United States government to administer the Concentrated Employment Project under the Manpower Development and Training Act (MDTA) and the Economic Opportunity Act (EOA), CEP funds do not become county monies and are therefore not subject to the auditing procedures applicable to county funds.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sam L. Jones, Jr.
Gordon Cass
John Banks
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant